NOT RECOMMENDED FOR PUBLICATION

Nos. 24-5282/5537

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 11, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| CARL ELLEN PUCKETT, JR; MARCELLA PUCKETT, | ) ) ) |
|     Plaintiffs-Appellants Cross-Appellees, | ) ) |
| v. | ) ) ) |
| AIN JEEM, INC., et al., | ) ) ) |
|     Defendants-Appellees, | ) ) |
| AXENCIS, INC., | ) ) |
|     Defendant-Appellee Cross-Appellant. | ) ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

O R D E R

Before: GILMAN, GIBBONS, and BLOOMEKATZ, Circuit Judges.

Carl Ellen Puckett, Jr., and his wife, Marcella Puckett, both proceeding pro se, appeal a district court judgment sua sponte dismissing their complaint for lack of subject-matter jurisdiction. (No. 24-5282). Axencis, Inc. conditionally cross-appeals the same judgment. (No. 24-5537). These cases have been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the reasons that follow, we affirm the district court's judgment.

The Pucketts filed a complaint against Ain Jeem, Inc.; several Ain Jeem employees; Iconomy, LLC; Axencis; two federal judges; ten attorneys; Kareem Abdul-Jabbar; the National Basketball Association (NBA); and Etsy, Inc. The Pucketts asserted that they co-own an online business called Devildogstreasure and sell items through Etsy, an online shopping platform. In June 2021, the Pucketts' online business was removed from Etsy, and their account was frozen. The Pucketts alleged that their business issues resulted from a trademark infringement suit filed

by Ain Jeem against Carl Puckett and 76 additional defendants in the United States District Court for the Middle District of Florida, which alleged that Puckett sold a 1989 "NBA trademarked collectible plate displaying an artistic image of Kareem Abdul[-]Jabbar and identifying the" name of the artist and NBA trademark. The Pucketts described the procedural history of the Florida litigation in painstaking detail and claimed that judges, attorneys, litigants, and others possibly associated with that case were involved in a conspiracy to extort money from them "through abuse of the judicial process" by "holding their online business hostage" until enormous payments were made, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. The Pucketts sought injunctive and monetary relief.

The defendants moved to dismiss the complaint on various grounds, including subsections of Federal Rule of Civil Procedure 12(b). The Pucketts responded to the defendants' motions and moved to amend their complaint. On the recommendation of a magistrate judge and over the Pucketts' objections, the district court dismissed the Pucketts' complaint sua sponte without prejudice for lack of subject-matter jurisdiction under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (per curiam), concluding that their claims were "totally implausible and frivolous" and that they failed to allege a RICO conspiracy. The court denied the Pucketts' motions to amend, concluding that they were not entitled to amend their complaint given its implausibility, and dismissed as moot all remaining pending motions, including the defendants' motions to dismiss. The court also denied the Pucketts' Federal Rule of Civil Procedure 59(e) and 60(b)(6) motion for reconsideration.

On appeal, the Pucketts challenge the dismissal of their complaint. They argue that (1) the magistrate judge's recommendation to dismiss their complaint as frivolous under *Apple* contradicted an earlier ruling and that the district court (2) misapplied judicial immunity because an exception to immunity applied, (3) misapplied the Full Faith and Credit Clause, (4) failed to address their motions to amend their complaint, (5) improperly considered the merits of one of their amended complaints, and found it futile, without subject-matter jurisdiction, (6) violated their First Amendment rights by censoring the language in their complaint, (7) prevented an appeal by certifying that an appeal could not be taken in good faith, (8) threatened to impose pre-filing

restrictions on them, and (9) adopted statements in Etsy's response opposing their motion for reconsideration. The Pucketts request oral argument. Axencis has filed a conditional cross-appeal, advocating affirmance of the district court's judgment and offering alternative reasons for affirmance only if we agree with the Pucketts' position on appeal.

We review de novo a district court's dismissal of a complaint for lack of subject-matter jurisdiction. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 604 (6th Cir. 2007). Generally, a fee-paid complaint may not be sua sponte dismissed without affording the plaintiff an opportunity to amend it. *Apple*, 183 F.3d at 479. "Nevertheless, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction" under Rule 12(b)(1) when its allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id*. Sua sponte dismissals are "reserved only for patently frivolous complaints, which present no Article III case because there is 'no room for the inference that the question[s] sought to be raised can be the subject of controversy.'" *Zareck v. Corrs. Corp. of Am.*, 809 F. App'x 303, 305 (6th Cir. 2020) (alteration in original) (quoting *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)).

RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To establish a "pattern of racketeering activity," the Pucketts needed to plead facts showing that the defendants committed at least two predicate offenses. *See* 18 U.S.C. § 1961(1), (5); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14 (1985). But their complaint offered only conclusory allegations of wrongdoing by judges, attorneys, litigants, and others possibly associated with the Florida litigation, and, without any specific supporting facts, essentially twisted that legitimate trademark-infringement suit into a broad RICO conspiracy. Such conclusory allegations are insufficient to plausibly allege each element of a RICO cause of action and, more specifically, that any defendant engaged in criminal racketeering activity. *See* 18 U.S.C. § 1961(1), (5); *Sedima, S.P.R.L.*, 473 U.S. at 496. The Pucketts' complaint was therefore properly dismissed for lack of subject-matter jurisdiction.

None of the Pucketts' arguments compel a different result. The Pucketts argue that the magistrate judge's recommendation to dismiss their complaint under *Apple* contradicted an earlier ruling. This is incorrect. The earlier ruling to which the Pucketts refer is the denial of their motion for appointment of counsel. In that order, the magistrate judge did not explicitly find the Pucketts' complaint frivolous but found that they had not distinguished its merits from their prior factually similar complaint that was dismissed, in part, for failure to state a claim for relief under Rule 12(b)(6). That the magistrate judge later recommended dismissal of the Pucketts' complaint for lack of subject-matter jurisdiction under *Apple* does not contradict the prior ruling denying their motion for appointment of counsel. And the magistrate judge's observation that the length of the Pucketts' complaint and supporting exhibits suggested that they had conducted extensive research concerned their ability to represent themselves, not the substance of their complaint.

The Pucketts next argue that the district court misapplied judicial immunity, invoking the exception that applies when judges act without jurisdiction or in a non-judicial capacity. But the district court properly found that the judicial defendants were immune from the Pucketts' suit. The Pucketts challenged judicial rulings within the scope of the judicial defendants' official duties and jurisdictional authority as judges. Thus, the Pucketts have failed to show that the judicial defendants acted in a non-judicial capacity or without jurisdiction when issuing rulings in the Florida litigation. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam) (observing that judicial immunity is overcome only "for nonjudicial actions" and actions "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."); *Wellman v. PNC Bank*, 508 F. App'x 440, 443 (6th Cir. 2012) (per curiam) ("A judge acts in the complete absence of all jurisdiction only if the matter upon which the judge acts is clearly outside the subject matter of the court over which the judge presides.").

The Pucketts also argue that the district court misapplied the Full Faith and Credit Clause. But they fail to show how that clause applies to their case. The United States Constitution mandates that "[f]ull Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Because the Pucketts challenged litigation in a

federal court in Florida, they have failed to show how the Full Faith and Credit Clause was implicated.

The Pucketts next argue that the district court failed to address their motions to amend their complaint and improperly found one amended complaint futile without subject-matter jurisdiction. The district court denied the Pucketts' motions to amend, concluding that they were not entitled to amend their complaint given its implausibility. Because the district court determined that the Pucketts' complaint met the *Apple* standard, the court was not required to allow them an opportunity to amend it before dismissal. *Apple*, 183 F.3d at 479. In any event, the Pucketts' proposed amended complaints were futile because, as explained by the magistrate judge, they suffered from the same defects as the original complaint.

The Pucketts argue that the district court violated their First Amendment rights by censoring the language in their complaint when it adopted the magistrate judge's recommendation to dismiss. Specifically, they contend that the magistrate judge censored their complaint by considering it as if stripped to its "literary mechanisms." But no censorship occurred. Rather, when adopting the magistrate judge's recommendation, the district court considered the Pucketts' complaint, reduced to its core factual allegations and without legal conclusions.

The Pucketts argue that the district court prevented an appeal by certifying that an appeal could not be taken in good faith. If a district court certifies that an appeal could not be taken in good faith, an appellant may not proceed on appeal in forma pauperis. 28 U.S.C. § 1915(a)(3). An appeal may proceed despite that certification, however, if the filing fee is paid. As this appeal shows, the district court's § 1915(a)(3) certification did not prevent the Pucketts from appealing the district court's judgment. Their payment of the appellate filing fee allowed their appeal to proceed.

The Pucketts argue that the district court abused its discretion by threatening to impose pre-filing restrictions on them. In their response opposing the Pucketts' motion to reconsider, the judicial defendants asked the district court to either impose pre-filing restrictions or warn the Pucketts that such restrictions were possible. The district court discussed the Pucketts' litigation history, including this case and a similar one, and noted that this case was sua sponte dismissed

and the other case voluntarily dismissed after the magistrate judge recommended its dismissal. The district court did not impose any pre-filing restrictions but warned the Pucketts that the court would consider imposing them if they filed repetitive and frivolous motions.

A district court has discretion to impose pre-filing restrictions in cases "with a history of repetitive or vexatious litigation." *United States ex rel. Odish v. Northrop Grumman Corp.*, 843 F. App'x 748, 750 (6th Cir. 2021) (per curiam) (quoting *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)). But before imposing such restrictions, due process requires the court to give the litigant notice and an opportunity to be heard. *See NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 377 (6th Cir. 2022). Given the Pucketts' litigation history summarized by the district court, the court's warning that pre-filing restrictions may be considered in the future was not improper.

Last, the Pucketts argue that the district court demonstrated bias and prejudice by adopting statements in Etsy's response opposing their motion for reconsideration. They point to the district court's finding that their suggestion that they received permission from the United States Attorney to bring this RICO suit was a new argument inappropriate for their motion to reconsider. They contend that this argument was not new and that the magistrate judge addressed it in the report and recommendation adopted by the district court. Contrary to the Pucketts' contention, the magistrate judge's report recommending dismissal, adopted by the district court, did not address a suggestion that the Pucketts received permission from the United States Attorney to file this suit. So the district court treated it as a new argument, and doing so did not evince bias or prejudice.

We therefore **DENY** the Pucketts' request for oral argument and **AFFIRM** the district court's judgment. Because we affirm the district court's judgment, we **DISMISS** as moot Axencis's conditional cross-appeal.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk